## J. G. PIERCE COMPANY *vs.* DAVID E. CRAWFORD.

Suffolk.     November 28, 1927.— January 4, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Of master in chancery. *Contract*, What constitutes. *Master in Chancery. Public Officer. Practice, Civil*, Findings by trial judge.

A judgment creditor cannot maintain an action of contract against a master in chancery for damages resulting from the defendant's accepting a minor as a surety upon a recognizance offered for release of the judgment debtor from arrest.

At the hearing by a judge without a jury of an action of tort by a judgment creditor against a master in chancery for damages resulting from the defendant's negligently accepting a minor as a surety upon a recognizance given for the release of the judgment debtor from arrest, the judge at the plaintiff's request ruled "That a master in chancery who acts negligently in accepting a surety on a recognizance is liable"; and found for the defendant. *Held*, that

(1) The judge must have found that the defendant had not acted negligently;

(2) The defendant was not under an absolute liability to the plaintiff because he approved a surety who was under age;

(3) Exceptions by the plaintiff must be overruled.

CONTRACT OR TORT with a declaration in two counts. The plaintiff in the first count alleged that the defendant as a master in chancery "among other things, bound himself or became bound to the plaintiff to see that he took a proper surety before releasing the principal Benjamin W. Warrington, on bail, and an action has arisen to the said plaintiff to demand and have of the said defendant" the "debt and costs amounting in the whole to $247.03, the officer's fees in making said arrest, and the costs and expenses growing out of the suit on said recognizance, yet though requested, he has not paid the same, but refuses and neglects so to do." In the second count the plaintiff alleged "that the said defendant as said master in chancery negligently and carelessly omitted to institute such inquiries as would have shown him that the said surety, J. Roger Wallace was a minor, and negligently and carelessly did not have the said surety, J. Roger Wallace sign the usual certificate as to his age, and if the said David E. Crawford, as master in chancery, as aforesaid, had done so and had not been negligent and careless he would have ascertained the fact that the said surety, J. Roger Wallace, was a minor; that the said defendant, David E. Crawford, as said master in chancery negligently and carelessly did not have the said Debtor, Benjamin W. Warrington and the said surety, J. Roger Wallace, recognize in a sum not less than the amount of the execution, all to the great damage of the plaintiff." Writ dated March 11, 1925.

In the Superior Court, the action was heard by *Weed,* J., without a jury. Material evidence is stated in the opinion. The plaintiff asked for the following rulings:

"1. Upon all the evidence the plaintiff is entitled to a finding.

"2. A master in chancery in taking a poor debtor recognizance acts merely as a ministerial officer.

"3. That a master in chancery who acts negligently in accepting a surety on a recognizance is liable.

"4. That the defendant was bound to see that he took a proper surety."

"7. That for his failure to take a sufficient recognizance

the defendant is liable for the consequential damages the plaintiff has sustained."

The judge gave the rulings numbered 2 and 3, refused the others, and found for the defendant. The plaintiff alleged exceptions.

*J. E..Reagan*, for the plaintiff.

*W. Foster*, for the defendant.

SANDERSON, J.   This is an action of contract or tort against the defendant, a master in chancery.   On April 27, 1923, the plaintiff recovered judgment against Benjamin W. Warrington upon which execution issued, and a certificate authorizing his arrest was obtained.   Warrington after his arrest requested the defendant Crawford, as master in chancery, to take a recognizance with surety for his release.   The defendant accepted as surety J. Roger Wallace.   It appeared that the surety was, at the time, about three weeks under twenty-one years of age.   Upon action brought against the surety for breach of the recognizance, there was a finding in his favor because of his minority.   In the case at bar the judge found for the defendant.   It appeared that before the defendant accepted Wallace as surety, Wallace made an affidavit in which he stated among other things that he was more than twenty-one years of age.   The testimony also tended to show that the defendant made inquiries of Wallace concerning his age and read to him the affidavit before it was signed.   The defendant testified that the surety weighed one hundred and fifty-five or one hundred and sixty pounds and appeared to him to be a man at least twenty-one years of age.

There could be no recovery on the count in contract because there was no privity of contract between the plaintiff and the defendant.   *Van Kuran* v. *May*, 7 Allen, 466.

The plaintiff based his count in tort upon the alleged negligence of the defendant in omitting to institute such inquiries as would have shown that the surety was a minor, and in not having the surety sign the usual certificate as to his age.   The allegation as to the certificate was not supported by the evidence.   The judge, at the plaintiff's request, ruled that a master in chancery in taking a poor debtor

recognizance acts as a ministerial officer and is liable if he acts negligently in accepting a surety on a recognizance. In view of this ruling the finding for the defendant necessarily included a finding that the allegation of negligence had not been proved.

The plaintiff's contention, that the defendant is under an absolute liability to the plaintiff because he approved a surety who was under age, if open to him under the pleadings, cannot be maintained. See Mechem, Public Offices and Officers, § 762. We find no error of law in the rulings of the trial judge. Exceptions not argued have been treated as waived.

*Exceptions overruled.*